-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

COLLEEN VESPERMAN,
MATTHEW SCOTT VESPERMAN,

        Plaintiffs,

        -v-

SUSAN ELAINE MAXEY,

        Defendant.

**DECISION AND ORDER**
05-CV-0864A

---

### INTRODUCTION

Plaintiffs, Colleen and Matthew Vesperman, have filed this *pro se* action seeking relief under 42 U.S.C. § 1983[1] (Docket No. 1) and have requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiffs claim that the defendant, Susan Elaine Maxey, who is the grandmother of one or more of their children, has obtained a grandparent visitation order and that such visitation by Maxey violates their constitutional "right" to choose whom their children associate with. For the reasons discussed below, plaintiffs' requests to proceed as poor persons are granted and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] The complaint does not specifically identify § 1983 as the federal basis of the claim; rather it states that the "suit is a civil rights claim." (Complaint, ¶ 2.A,C.) Liberally construing the complaint, as the Court is obligated to do, *e.g., Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir.1999) (per curiam), it is clear that the federal basis of the complaint is § 1983.

Dockets.Justia.com

## DISCUSSION

Because plaintiffs have met the statutory requirements of 28 U.S.C. § 1915(a), they are granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiffs' favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, the Court finds that plaintiffs' claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they fail to state a claim upon which relief may be granted.

Plaintiffs brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiffs must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiffs of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993). Because defendant Maxey is not a person acting under color of state law the complaint must be dismissed. The only allegations in the complaint are that Maxey, the grandmother of one or more of the plaintiffs'

2

children, obtained a grandparent visitation order from Niagara County Family Court and recently had it modified to include plaintiffs' youngest child, whom Maxey has no prior relationship. Because Maxey is a private individual, she is not a person acting under color of state law for purposes of 42 U.S.C. § 1983. See, e.g., Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir.), cert. denied, 484 U.S. 965 (1987).

## CONCLUSION

Plaintiffs has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiffs' requests to proceed in forma pauperis are granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiffs' request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   Dec. 16 , 2005